IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL BERNARD COLEMAN,<br><br>Defendant. | Civil Action No. 3:09-CR-207 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on multiple motions filed by Defendant Paul Coleman. Upon due consideration and for the reasons that follow, the Court will DENY the *pro se* Motion to Reopen Pursuant to Rule 33 (Docket No. 53), DENY the Motion to Compel Production of Discovery (Docket No. 54), GRANT the *pro se* Motion for an Addendum to the Motion to Compel (Docket No. 58), GRANT in part and DENY in part the *pro se* MOTION to Dismiss Lawyer and Be Appointed New Counsel (Docket No. 57), and DENY as MOOT the Motion for Substitution of Counsel (Docket No. 59).

**I. BACKGROUND**

Defendant Paul Coleman was arrested in July 2009 on a two-count indictment for possession with intent to distribute fifty grams or more of cocaine base. The Office of the Federal Public Defender (FPD) was conflicted out of the case, and the Clerk's Office appointed attorney Lee Kilduff to represent Coleman. Several issues arose prior to trial,

1

including two motions to suppress all evidence and statements obtained as a result of traffic stops. The Court denied those motions after a hearing.

On September 25, 2009, a jury found Coleman guilty on both counts of the indictment. The Court scheduled his sentencing hearing for December 21. In November 2009, both the Defendant and his attorney requested the appointment of new counsel. The Court withdrew Kilduff from the case, and the Clerk's Office appointed Horace Hunter to represent Coleman. Upon motions by Defendant, sentencing was continued to February 12, 2010, and later to April 12, 2010. The week prior to the April sentencing date, the Court denied the Defendant's third motion to continue his sentencing hearing.

At the April 12 sentencing hearing, the Defendant requested new counsel and again requested a continuance. The Court granted the requests and informed the Defendant that the Court would appoint Charles Lewis to represent him as long as there were no conflicts of interest. The Court, in granting the Defendant's fourth request to continue his sentencing hearing and his second request to dismiss his attorney, warned the Defendant that it would not grant any additional continuance or attorney substitution requests: "If he wants more time and wants another lawyer . . . obviously, Mr. Coleman, this is it. Mr. Lewis will be assigned to your case, and when you don't like what he has to tell you, . . . it is too bad." The Court also warned Coleman that he would "have to come to grips with" the mandatory life sentence he faces.

On July 16, 2010, Coleman filed a *pro se* Motion to Reopen Pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (Docket No. 53). Coleman's attorney filed a Motion to Compel Production of Discovery that day, and Coleman later filed a *pro se* motion to add an

2

exhibit to that motion. (Docket Nos. 54, 58). In October 2010, both Coleman and his attorney filed motions requesting attorney substitution. (Docket Nos. 57, 59).

## II. LEGAL STANDARDS

### A. Motion for a New Trial

Rule 33 of the Federal Rules of Criminal Procedure allows a court to vacate any judgment and grant a new trial "if the interest of justice so requires." If the request for a new trial is based on newly discovered evidence, the defendant must file the Rule 33 motion within three years after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1). If the request is for any other reason, the defendant must file the motion within fourteen days of the verdict. Fed. R. Crim. P. 33(b)(2). A "trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." *United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006) (internal quotation marks and citation omitted).

### B. Motion to Compel

The Defendant's Motion to Compel is made pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, the government must provide a defendant with all material evidence in its possession that is favorable to the defense. *Id.* at 87. The test for materiality is whether there is a reasonable probability that the result of the proceeding would have been different if the government had disclosed the evidence to the defense. *United States v. Bagley*, 473 U.S. 667, 682 (1985). A defendant's request that the government provide *Brady*

material must be made with sufficient specificity to identify the materials. *United States v. Billups*, 692 F.2d 320, 325-26 (4th Cir. 1982).

**C. Motions for New Counsel**

The Sixth Amendment guarantees defendants in criminal matters a right to counsel, although that right does not create absolute rights either to choose counsel or to substitute counsel. *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). A defendant must show good cause when requesting attorney substitution, and the trial court has discretion to determine whether to grant that request. *Id.*

Defendants may relinquish the right to counsel by waiver, waiver by conduct, or forfeiture. *See United States v. Goldberg*, 67 F.3d 1092, 1099-1101 (3d Cir. 1995). A valid waiver of the right to appointed counsel must be knowing, voluntary, and intelligent. *Iowa v. Tobar*, 541 U.S. 77, 81 (2004); *United States v. Johnson*, 659 F.2d 415, 416-17 (4th Cir. 1981). A court determining whether a defendant has waived the right to counsel "is merely required to determine the sufficiency of the waiver from the record as a whole." *United States v. Gallop*, 838 F.2d 105, 110 (4th Cir. 1988). The court must base that determination on "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *accord United States v. Singleton*, 107 F.3d 1091, 1097 (4th Cir. 1997). In contrast, a defendant can forfeit the right to counsel "regardless of [his] knowledge thereof and irrespective of whether the defendant intended to relinquish the right." *Goldberg*, 67 F.3d at 1100.

## III. DISCUSSION

### A. Motion for a New Trial

Because the Defendant filed his *pro se* motion for a new trial nearly ten months after a jury found him guilty, the motion is only timely if it is based on newly discovered evidence. None of the three allegations set forth in the motion properly allege newly discovered evidence, however.

The Defendant first alleges that the lab report with the finding of cocaine base had no weight recorded and therefore could not be used to sentence him according to the United States Sentencing Guidelines. This argument is unpersuasive. For each of the two counts, one lab report established the weight of each item confiscated, and a separate report established whether the cocaine in the first report was either cocaine hydrochloride or cocaine base. These reports were submitted to the jury, which determined that the amount of cocaine base was in excess of fifty grams. (Docket No. 26). In light of this history, the fact that one lab report did not list the drug weights does not warrant a new trial. The jury fully considered two lab reports for each count and found that the Defendant possessed more than fifty grams of cocaine base on two different occasions. Therefore, the existence of two lab reports for each count does not warrant a new trial.

The Defendant's second basis for requesting a new trial is that the vehicle searches resulting in his arrest were illegal. Those searches were the subject of a hearing at which the Court denied the Defendant's motions to suppress. The stops were properly based on motor vehicular violations, and the searches properly resulted from an officer's smelling

the odor of marijuana during the stops. *See United States v. Farrior*, 535 F.3d 210, 218 (4th Cir. 2008); *United States v. Scheetz*, 293 F.3d 175, 184 (4th Cir. 2002). The Defendant's allegations concerning the searches do not constitute newly discovered evidence that warrants a new trial.

Finally, the Defendant suggests that the Court should grant him a new trial due to "prosecutorial misconduct via statements made by [the] Assistant United States Attorney concerning Defendant that could very well have influenced jury, therefore [sic] tainting the judicial process." (Motion to Reopen 3). To establish that a statement constitutes prosecutorial misconduct, a defendant must show that the remarks were improper and that they prejudicially affected his substantial rights and deprived him of a fair trial. *United States v. Chorman*, 910 F.2d 102, 113 (4th Cir. 1990). The Fourth Circuit has offered several relevant factors to consider when determining whether a prosecutor's remarks are sufficiently prejudicial to warrant a reversal:

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

*Scheetz*, 293 F.3d at 185-86 (citing *United States v. Wilson*, 135 F.3d 291, 299 (4th Cir. 1998)). The Defendant neither indicates which allegedly improper statements the Assistant United States Attorney made nor suggests how any statements could have

improperly influenced the jury. Therefore, his allegation of prosecutorial misconduct is unpersuasive and does not constitute newly discovered evidence that warrants a new trial.

Because the Defendant has not properly alleged that newly discovered evidence warrants a new trial, the Court DENIES the Motion to Reopen Pursuant to Rule 33.

### B. Motion to Compel Discovery

The Defendant's counsel asks the Court "to order the prosecution to disclose to the defense all evidence of an exculpatory nature, regardless of whether counsel for the government or any law enforcement officials personally believe that such evidence is in fact exculpatory." (Motion to Compel 1). He requests any information related to cooperating witnesses who may have created the conflict of interest with the FPD's office, including information contained in investigators' reports or known to government agents. Id. He does not, however, offer any specific details about the requested information.

The Government has repeatedly expressed that it has no knowledge of the nature of the FPD's conflict of interest in this case. Because neither Coleman nor his counsel can state with any specificity the information they request or how it may have affected the trial, and because of the futility of ordering the Government to discover and disclose information about a different office's conflict of interest, the Court DENIES the motion.

### C. Motions for New Counsel

As indicated from the Bench during the hearing on these motions, the Defendant has repeatedly demanded that his attorneys file inappropriate, ill-advised, and groundless motions during and after his trial. He also regularly insists that his attorneys take actions

that are not in the interests of justice. When his attorneys refuse to follow his orders, he moves to have them replaced, files motions *pro se*, and sends letters of complaint to the Court. The Court has previously replaced two of the Defendant's appointed attorneys based on his requests. As a consequence of these substitutions, the Defendant's sentencing hearing, which was initially scheduled for December 21, 2009, has been continued three times. In granting the Defendant's April 2010 request, the Court made clear to him that there would be no further continuances of the sentencing hearing and no new attorneys.

Nonetheless, in October 2010 the Defendant again asked the Court to dismiss his attorney and appoint him new counsel. He also filed a complaint with the Virginia State Bar against his current attorney, thereby creating a conflict of interest in his representation. Even without the Defendant's motion to dismiss his attorney and his attorney's corresponding motion to be dismissed, the bar complaint alone is sufficient to establish good cause for removing Lewis.

The Defendant's dilatory tactics and unwillingness to work with his attorneys—in spite of warnings from the Court—has left the Court no choice but to consider his actions both a waiver by conduct of his right to counsel and a forfeiture of that right. By filing *pro se* three of the last five motions filed in his case, communicating regularly with the Clerk's Office, and dismissing his attorneys when they fail to pursue his preferred courses of action, Coleman has already expressed an apparent willingness and desire represent himself in this matter.[1]

---

[1] Lewis has volunteered to serve as standby counsel during the sentencing phase, but due to the conflict of interest created by the Virginia State Bar complaint, he is unable to do so.

For these reasons and those stated from the Bench, the Court GRANTS the Defendant's *pro se* motion to dismiss his attorney but DENIES the Defendant's *pro se* request to appoint new counsel. Because the Court has dismissed Lewis via the Defendant's *pro se* Motion, the Court DENIES as MOOT his Motion for Substitution of Counsel. To fulfill his final responsibilities of representation, Lewis should report any information relevant to the case to the *pro se* Defendant.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the *pro se* Motion to Reopen Pursuant to Rule 33, DENIES the Motion to Compel Production of Discovery, GRANTS the *pro se* Motion for an Addendum to the Motion to Compel, GRANTS in part and DENIES in part the *pro se* MOTION to Dismiss Lawyer and Be Appointed New Counsel, and DENIES as MOOT the Motion for Substitution of Counsel.

Let the Clerk send a copy of this Memorandum to the Defendant and to all counsel of record. An appropriate order will issue.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this ___28th___ day of October 2010.