UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PAUL BERNARD COLEMAN,<br><br>          Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA. | Criminal Action No. 3:09–CR–207<br>Civil Action No. 3:13–CV–585 |

### MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Paul Bernard Coleman's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for Writ of Habeas Corpus ("§ 2255 Motion") (ECF No. 139). For the reasons below, the Court will DENY Coleman's § 2255 Motion.

  **I.**  **BACKGROUND**

On July 7, 2009, Coleman was charged in a two-count Indictment with two counts of Possession with the Intent to Distribute 50 Grams or More of Cocaine Base ("Counts One and Two"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). (ECF No. 1). On September 15, 2009, the United States filed an Information to Establish Prior Conviction and Notice to Seek a Sentencing Enhancement against Coleman, in accordance with 21 U.S.C. § 851. (ECF Nos. 17, 18). Pursuant to this enhancement, Defendant was subject to an increased penalty provision due to his two prior felony drug convictions. (*Id.*) On September 25, 2009, Coleman appeared before this Court for a jury trial. (ECF No. 25). Defendant was found guilty of Counts One and Two the same day. (ECF No. 26). Coleman was sentenced on December 20, 2010, to mandatory life imprisonment. (ECF No. 79).

After appealing multiple issues to the Court of Appeals for the Fourth Circuit, which were all denied, Coleman filed an appeal to the Supreme Court of the United States. (ECF Nos. 81, 91, 94, 103, 105). On June 29, 2012, as a result of Coleman's appeal, the Supreme Court vacated his

judgment and remanded his case to the Fourth Circuit for further consideration in light of *United States v. Dorsey*, 132 S. Ct. 2321 (2012). On December 5, 2012, the Fourth Circuit in *United States v. Coleman*, 490 F. App'x 609 (4th Cir. 2012), affirmed Coleman's conviction, vacated his sentence, and remanded the case to this Court for re-sentencing. On February 19, 2013, Coleman was re-sentenced to 240 months on Counts One and Two, to be served concurrently. (ECF No. 127). On February 22, 2013, Coleman filed a notice of appeal. (ECF No. 129). On June 27, 2013, Coleman's voluntary dismissal of his appeal was granted by the Fourth Circuit. (ECF No. 138).

On August 27, 2013, Coleman filed this § 2255 Motion. (ECF No. 139). The Government filed its opposition on September 4, 2013. Coleman filed his reply on September 24, 2013. This matter is now ripe for review.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence if: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A claim that does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a miscarriage of justice. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). To show that a denial of the § 2255 motion would result in a miscarriage of justice, the petitioner must show actual innocence by clear and convincing evidence. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

//

//

### III. DISCUSSION

#### A. Sixth Amendment Due Process Claim

Petitioner argues that the Government violated his Sixth Amendment rights pursuant to a recent Supreme Court case, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), when it neglected to list the applicable sentence enhancement under 21 U.S.C. § 851 in the indictment. Coleman avers that, because of this oversight, he was unable to predict the legally applicable penalty from the face of the indictment. Coleman represents that *Alleyne* stands for the general proposition that "any fact that increases the mandatory minimum is an element that must be submitted to the jury." *Id.* at 2155. Petitioner contends that his core crimes under § 841 and the sentence enhancement under § 851 combined to constitute a new aggravated crime, the elements of which should have been submitted to a jury under *Alleyne*.

Petitioner's arguments are virtually identical to those recently rejected by the Fourth Circuit in *United States v. Williams*, No. 13-4330, 2014 WL 407418 (4th Cir. Feb. 4, 2014). In *Williams*, petitioners argued that a district court erred in failing to submit to the jury the issue of whether they had previously been convicted of felony drug offenses sufficient to trigger the statutory mandatory minimum penalties, thus implicating *Alleyne*. *Id* at *2. The Fourth Circuit held that this claim is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998): "*Alleyne* did not address, much less overrule, the exception for the use of prior convictions to enhance a sentence that was recognized by the Supreme Court in *Almendarez–Torres*." *Williams*, 2014 WL 407418, at *2 (citing *Alleyne,* 133 S. Ct. at 2160 n.1) (citations omitted). Accordingly, Coleman's identical argument similarly fails and will be DENIED.

#### B. Ineffective Assistance of Counsel Claim

Ineffective assistance of counsel claims under the Sixth Amendment are examined under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed under *Strickland*, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Id.* The first

3

*Strickland* prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991).

The second prong of *Strickland* requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

Coleman asserts that his counsel incorrectly interpreted *Alleyne* and improperly convinced him to voluntarily dismiss his appeal, thus, rendering ineffective assistance of counsel. However, because there is a strong presumption that his attorney's conduct was within the wide range of reasonable professional assistance and because his appellate counsel was correct in his interpretation of *Alleyne*, Coleman's appellate counsel's representation cannot have fallen below the objective standards of reasonableness. Further, because Coleman's counsel correctly interpreted *Alleyne*, Coleman was not prejudiced by voluntarily dismissing his appeal. For those reasons, Coleman's ineffective assistance of counsel claim fails and will be DENIED.

## IV.    CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a Certificate of Appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. A

Certificate of Appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Supreme Court has held "a claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). For the reasons stated fully above, no law or evidence suggests that Petitioner has satisfied § 2253(c) such that he is entitled to further consideration of his claims. Accordingly, the Court will DENY a Certificate of Appealability.

## V. CONCLUSION

For the above reasons, Coleman's § 2255 Motion will be DENIED. A Certificate of Appealability will also be DENIED.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this ___26th_____ day of March 2014.